---
Palmer *v.* Smedley.
---

· *A. T. Bush,* for the appellant.

*John Fitch,* for the plaintiff.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland,* Justices.]

---

PALMER, assignee of Antioch College, *vs.* SMEDLEY.

A complaint, after alleging the existence of Antioch College, and its incorporation, averred that on the 29th of June, 1857, the said college made an assignment of its estate, &c. to the plaintiff, by which he was empowered to sue for and collect all the debts of the college and apply the proceeds in payment of the creditors of the corporation. That on the 5th of April, 1851, the defendant made his promissory note for the sum of $100, payable &c., and delivered the same to the said Antioch College; that the note had never been paid; that it was now in the possession of the plaintiff, as the property of the college, which was the lawful owner and holder thereof, &c.; *Held,* on demurrer, that the complaint was defective, in its method of stating the ownership of the note.

The same complaint also alleged, that on, &c. the defendant became a subscriber to the stock of Antioch College, to the amount of $100, payable &c.;

that the same had never been paid, and that there remained due and owing to the said college the amount of said subscription, with interest. *Held* that in respect to this cause of action the complaint was also bad, for want of an averment of indebtedness to the plaintiff, or of any right shown, on his part, to demand of the defendant the money therein mentioned.

APPEAL from an order made at a special term, allowing a demurrer to the complaint. The plaintiff sued as " Assignee of Antioch College." The complaint was as follows :

" *Firstly.* That at the times hereinafter mentioned, Antioch College was a joint stock association, existing and located at Yellow Springs, in the county of Green, in the state of Ohio ; that on the 24th day of May, 1852, the said association was duly incorporated, under and according to the provisions of an act of the general assembly of the state of Ohio, passed on the 9th day of April, 1852, entitled ' An act to enable the trustees of colleges, academies, universities and other institutions, for the purpose of promoting education, to become bodies corporate.' That by the terms of incorporation of the said Antioch College, the trustees thereof became, by the laws of Ohio, a body politic and corporate, with perpetual succession, having power to sue and be sued, to plead and be impleaded, to acquire, hold and convey property, real and personal, and to exercise the powers and privileges usually bestowed on incorporated institutions of learning. That the said Antioch College continued to use and enjoy the said powers and privileges, and to acquire and hold property as aforesaid, until the 29th day of June, 1857, when being heavily in debt, and unable to meet its obligations and liabilities, the trustees thereof made a general assignment, for the benefit of its creditors, of all its estate and effects, goods, chattels and credits, of whatever nature or kind soever, to Francis A. Palmer, the plaintiff in this action, by which assignment the plaintiff was empowered, among other things, to sue for and collect all the outstanding debts of the said college, and to apply the proceeds thereof, as far as the same should go, to paying the creditors of the said corporation.

The complaint shows, *Secondly.* On information and belief of the plaintiff, and as a first cause of action against the defendant, that on the 6th day of January, 1851, the defendant in this action made and executed his promissory note in writing, whereby he promised to pay, for value received, to the treasurer of Antioch College, or bearer, on the 1st day of September, 1852, one hundred dollars, and delivered the same to the said Antioch College. That although the said note became due and payable before the commencement of this action, the same has never been paid; that the said note is now in the possession of the plaintiff as property of the said Antioch College, which is the lawful owner and holder thereof; and there is now due on the said note, principal and interest, the sum of $153.58.

The complaint shows, *Thirdly.* On information and belief of the plaintiff, and for a further and a second cause of action against the said defendant, that the said Antioch College was a joint stock association, duly incorporated as aforesaid, under the laws of Ohio; that the stock of the said association was issued in shares of $100 each; and that on the 6th day of January, 1851, the defendant in this action became a stockholder in the said association, by subscribing to and purchasing of the said association one share of the capital stock thereof. That the said subscription became due and payable on the 1st day of September, 1852, yet the same has never been paid, although the said stock was duly issued to the said defendant, and he has since enjoyed all the rights and privileges of a stockholder in the said association. That the said defendant is still the owner of the said stock, and there remains now due and owing to the said Antioch College thereon, principal and interest, the sum of $135.58; and that by the laws of Ohio, where the said association is located, the defendant is liable to the said association, as a stockholder therein, to a further amount, equal to the amount of the said stock, to be applied in the payment of the debts of the said association. Wherefore, by reason of all the premises above set forth, the plaintiff

Palmer v. Smedley.

demands judgment against the said defendant for $271.16, with interest thereon from the first day of October, 1857, besides the costs and disbursements of this action."

The defendant demurred to this complaint, assigning several grounds of objection thereto. The demurrer was argued at special term, before Justice DAVIES, who made an order allowing the demurrer; assigning the following reasons for his decision:

DAVIES, J. "The complaint contains two causes of action. After alleging the existence of an association called Antioch College, and its incorporation by the state of Ohio, it avers, that on the 29th June, 1857, the said college, being heavily in debt, made an assignment of its estate, &c. to the plaintiff, and by which he was empowered to sue for and collect all the outstanding debts of said college, and apply the proceeds to the payment of the creditors of the corporation. It then avers that on the 5th of April, 1851, the defendant made his promissory note for the sum of $100, payable September 1st, 1852, and delivered the same to the said Antioch College; that the note had never been paid; that it was now in possession of the plaintiff as the property of said Antioch College, which is the lawful owner and holder thereof; that there is due on said note $138.58. For a second cause of action, the complaint avers that the stock of said association was issued in shares of $100 each; that on the 5th of April, 1851, the defendant became a subscriber to the stock of the college in the sum of $100, payable on the first day of September, 1852; that the same has never been paid, and that there now remains due and owing to said college the amount of said subscription and interest, amounting to $135.58, whereupon the plaintiff demands judgment for $271. To this the defendant demurs, on the ground that the complaint does not state facts sufficient in law to constitute a cause of action.

As to the first cause of action, it is clearly defective. It not only does not aver that the plaintiff is the party in interest,

but avers that the note sued on is not the property of the plaintiff, and that he is not the lawful owner and holder of the same, but that it is the property of another, and which other is the lawful owner and holder thereof. This is in direct conflict with section 111 of the code. The presumption of law which would arise from the fact that the plaintiff being in possession of the note is the lawful owner and holder thereof, is rebutted by the averments that he is not such lawful owner and holder.

In reference to the second cause of action, there is no averment of any indebtedness to the plaintiff by reason of the matters therein stated, or of any right shown on his part to demand of the defendant the money therein stated. The averment is, that the amount of the subscription is now due and owing to said college, thus negativing any indebtedness to the plaintiff. Judgment must be given for the defendant on the demurrer, with costs. Liberty to plaintiff to amend in twenty days."

*Wm. W. Badger,* for the appellant.

*Gardner & Lamont,* for the respondents.

DAVIES, P. J. delivered the opinion of the court, to the effect, that the complaint was defective in the particulars specified; stating that he could add nothing to the reasons given by him at the special term.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland,* Justices.]